IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00970-BNB

DEAN GATES,

Applicant,

v.

AL ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Dean Gates is a prisoner in the custody of the Colorado Department of Corrections and currently is housed at the Fort Lyons, Colorado, Correctional Facility. Mr. Gates has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally, because Mr. Gates is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gates will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Gates has not responded to many of the questions in the application form. Furthermore, Applicant refers the Court to his opening brief or attached exhibits in place of responding to several of the questions in the form. It is not clear if Applicant is referring to the opening brief that his attorney filed on his behalf in state court or if he is referring to the Brief he has filed in support of the instant Application. In either instance,

referring to the opening brief is not a sufficient response to the questions asked in the application form.

Mr. Gates also fails to respond to the questions on Page Four of the form regarding the filing and disposition of his postconviction motion. Simply writing "N/A" in response to the questions regarding the date the motion was filed and what claims were raised is unresponsive and without basis. Especially, since Applicant states that he did file a postconviction motion.

The Court is not required to review Mr. Gates' state filings to determine what may be the supporting facts for the claims he is attempting to raise in this Court. Furthermore, the Brief he has filed in support of the Application does not identify what facts are in support of which claims.

In addition, it is not clear that Mr. Gates is asserting federal constitutional claims in this action. He has identified three claims: (1) "C.R.E. 404(b) and Res-gestas evidence," (2) "Sufficiency of evidence," and (3) "Sentence and Bad acts." "[R]elief under 28 U.S.C. § 2254 does not lie for errors of state law." *Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Therefore, Mr. Gates will be ordered to file an Amended Application. In the Amended Application, he is directed to respond to all questions and to assert how his

constitutional rights were violated with respect to each claim that he raises. Accordingly, it is

ORDERED that Mr. Gates file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gates two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the Amended Application shall be titled "Amended Application" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Araj U.S. Courthouse, 901 19th Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Gates fails within the time allowed to file an Amended Application, as directed, the Application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion Requesting Leave to File Supporting Brief in Support of 28 U.S.C. § 2254," filed May 24, 2006, is denied as moot.

DATED June 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00970-BNB

Dean Gates
Reg. No. 118740
FLCF Bldg 5
P.O. Box 1000
Ft. Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _6-12-06_

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk